**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009[*]
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-2626

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-314 |
| DENNIS D. ALEXANDER, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Dennis Alexander pleaded guilty to possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). The district court concluded that Alexander had three prior convictions for a violent felony or serious drug offense, and thus sentenced him to the mandatory minimum of 15 years under the Armed Career Criminal Act ("ACCA"). *See id.* § 924(e)(1). Alexander appeals his sentence, and the government concedes that we must remand for resentencing.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Alexander does not dispute that two of his adult convictions qualify as ACCA predicates, but he argues that the district court erred in counting a Wisconsin juvenile adjudication for attempted armed robbery. *See* WIS. STAT. § 943.32(1)(b), (2). The ACCA defines "violent felony" to include juvenile adjudications that involved "the use or carrying of a firearm, knife, or destructive device," 18 U.S.C. § 924(e)(2)(B), and the district court counted Alexander's juvenile adjudication after concluding that he used a knife.

Alexander argues that the government did not sufficiently establish that a knife was the weapon involved in his attempted armed robbery. At sentencing the government submitted copies of the delinquency petition, the state court's written finding that Alexander had tried to commit "armed" robbery, and a minute entry showing only that Alexander entered an "admission" to the delinquency petition. The petition summarizes police reports detailing Alexander's alleged conduct, but no reliable record, e.g., a transcript of the delinquency hearing, was submitted to establish that Alexander specifically was armed with a knife. *See United States v. Shepard*, 544 U.S. 13, 23-24 (2005); *United States v. Spells*, 537 F.3d 743, 749 (7th Cir. 2008). Thus, as the government now concedes, the state records available to the district court at sentencing were inconclusive, and it was error to count Alexander's juvenile adjudication as a predicate offense under the ACCA.

Accordingly, we VACATE the judgment and REMAND to the district court for resentencing.